IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAD DAVIS,<br>　　　Plaintiff, | § § § | |
| v. | § § | No. 3:24-CV-3058-K-BW |
| NEXT BRIDGE HYDROCARBONS,<br>INC., et al.,<br>　　　Defendants. | § § § § | Referred to U.S. Magistrate Judge[1] |

# **ORDER**

Plaintiff Brad Davis, proceeding pro se, filed this lawsuit on December 6, 2024. (*See* Dkt. No. 3.) He has not requested issuance of summons and has not served any of the defendants in this lawsuit as required by Fed. R. Civ. P. 4. Per Rule 4(m), Plaintiff's deadline to serve defendants was March 6, 2025.

On March 21, 2025, Plaintiff filed a motion to stay the proceedings or, alternatively, to extend his deadline to effect service on the defendants. (Dkt. No. 6.) Plaintiff seemingly requests to stay the proceedings indefinitely so he can observe and potentially improve his case based on developments in other lawsuits. (*See id.* at 8-9.) Additionally, he acknowledges that he "has not yet served any of the defendants" because he is "reconsider[ing] his options, and obligations." (*Id.* at 9.)

Plaintiff has not shown any permissible basis for indefinitely staying this action. Doing so prior to the defendants' seeming awareness of and participation in

---

[1] This pro se lawsuit was automatically referred to a magistrate judge for pretrial management pursuant to Special Order 3-251. (*See* Dkt. Nos. 1, 4.)

this lawsuit is not appropriate. If Plaintiff persists in his belief that his case should be stayed after serving defendants and giving them an opportunity to appear and be heard on that issue, he may seek a stay at that time.

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a summons and copy of the complaint on a defendant within 90 days of filing. If a plaintiff fails to effect service during that period, the rule states that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But "if the plaintiff shows good cause for the failure" to serve a defendant, "the court must extend the time for service for an appropriate period." *Id.*

Showing "good cause" for failing to serve a defendant requires showing "at least as much as would be required to show excusable neglect[.]" *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). "[S]ome showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (quoting 10 Wright & Miller, *Federal Prac. & Proc.: Civil* § 1165 at 622). Good cause should not be found when the failure to serve "is due to the plaintiff's inadvertence or half-hearted efforts[.]" *Hardaway v. Litton Loan Servicing, LP*, No. 3:17-CV-4-DMB-RP, 2017 WL 4293161, at *3 (N.D. Miss. Sept. 27, 2017) (internal quotation marks omitted).

Plaintiff has not established good cause for his failure to serve any of the defendants during the more than three months since he initiated this lawsuit. Indeed, he acknowledges having made a deliberate decision to withhold service, apparently for strategic reasons. (*See* Dkt. No. 6 at 9.) Despite the lack of good cause, the Court gives Plaintiff one final opportunity to serve the defendants in compliance with Rule 4. *See* Fed. R. Civ. P. 4(e) (with respect to serving individuals); Fed. R. Civ. P. 4(h) (with respect to serving corporate entities); Fed. R. Civ. P. 4(i) (with respect to serving government officials and agencies). **No later than April 18, 2025**, Plaintiff must serve each defendant and file either proof of valid service or an executed waiver of service pursuant to Fed. R. Civ. P. 4(d). While it is Plaintiff's responsibility to have the summons and complaint served on the defendants, the Court notes for Plaintiff's benefit that *he* cannot be the one to serve the documents. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)).

Plaintiff's motion to stay or to extend the deadline to serve defendants (Dkt. No. 6) is **GRANTED IN PART**, in that Plaintiff's deadline to serve defendants and file proof of valid service (or file waivers of service) is extended to April 18, 2025. It is **DENIED** in all other respects. Failure to comply with this order will result in a recommendation that the action be dismissed, in whole or with respect to any defendant not served, pursuant to Fed. R. Civ. P. 4(m) or based on Plaintiff's failure to prosecute the case or follow orders of the court.

**SO ORDERED** on March 21, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE