IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAD DAVIS,<br>　　　　Plaintiff,<br><br>v.<br><br>NEXT BRIDGE HYDROCARBONS,<br>INC., et al.,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>No. 3:24-CV-3058-K-BW<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

# **ORDER**

Pending before the Court is a Rule 60 motion ("Motion") filed on April 17, 2025, by Plaintiff Brad Davis. (Dkt. No. 8.) Plaintiff Brad Davis, proceeding pro se, filed this lawsuit on December 6, 2024, asserting federal securities law violation against multiple parties, including governmental defendants. (*See* Dkt. No. 3.) He has not requested issuance of summons and has not served any of the defendants in this lawsuit as required by Fed. R. Civ. P. 4. Per Rule 4(m), Plaintiff's deadline to serve defendants was March 6, 2025.

On March 21, 2025, Plaintiff filed a motion to stay the proceedings or, alternatively, to extend his deadline to effect service on the defendants, wherein Plaintiff requested to stay the proceedings indefinitely so he can observe and potentially improve his case based on developments in other lawsuits. (*See* Dkt. No.

---

[1] This pro se lawsuit was automatically referred to a magistrate judge for pretrial management pursuant to Special Order 3-251. (*See* Dkt. Nos. 1, 4.)

6 at 8-9.) Plaintiff acknowledged that he "ha[d] not yet served any of the defendants" because he was "reconsider[ing] his options, and obligations." (*Id.* at 9.)

That same day the Court issued an order (Dkt. No. 7) ("Order") granting in part the motion to stay (Dkt. No. 6), in that Plaintiff's deadline to serve defendants and file proof of valid service (or file waivers of service) was extended to April 18, 2025, but denying the motion (Dkt. No. 6) in all other respects. (*See* Dkt. No. 7.) The Order also stated that "[f]ailure to comply with this order will result in a recommendation that the action be dismissed, in whole or with respect to any defendant not served, pursuant to Fed. R. Civ. P. 4(m) or based on Plaintiff's failure to prosecute the case or follow orders of the court." (*See* Dkt. No. 7.) The present Motion (Dkt. No. 8) seeks relief from the Court's March 21, 2025 Order. Specifically, Plaintiff requests an additional 60 days from April 18, 2025 to file a Second Amended Complaint and effect process of service on all defendants. (*See* Dkt. No. 8 at 11.)

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a summons and copy of the complaint on a defendant within 90 days of filing. If a plaintiff fails to effect service during that period, the rule states that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But "if the plaintiff shows good cause for the failure" to serve a defendant, "the court must extend the time for service for an appropriate period." *Id.*

Showing "good cause" for failing to serve a defendant requires showing "at least as much as would be required to show excusable neglect[.]" *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). Actions, or the lack thereof, which "fall into the categories of inadvertence, mistake, or ignorance" of the law are not a sufficient showing of excusable neglect. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994). "[S]ome showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (quoting 10 Wright & Miller, Federal Prac. & Proc.: Civil § 1165 at 622). Good cause should not be found when the failure to serve "is due to the plaintiff's inadvertence or half-hearted efforts[.]" *Hardaway v. Litton Loan Servicing, LP*, No. 3:17-CV-4-DMB-RP, 2017 WL 4293161, at *3 (N.D. Miss. Sept. 27, 2017) (internal quotation marks omitted). The Court nevertheless retains the discretion to extend the time for service even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); Fed. R. Civ. P. 4(m).

Plaintiff has not established good cause for his failure to serve any of the defendants during the more than four months since he initiated this lawsuit. Plaintiff admits that he has not attempted service on any defendant and acknowledges that he has made a deliberate decision to withhold service, apparently for strategic reasons. (*See* Dkt. No. 6 at 9 ("Plaintiff has not yet served any of the defendants due to him

having to reconsider his options, and obligations."); Dkt. No. 8 at 4-6 (discussing "recent developments" such as pending presidential appointments and congressional legislation and activities in "several highly-impactive cases" that require Plaintiff to amend his pleadings).

Despite the lack of good cause, the Court gives Plaintiff a final opportunity to serve the defendants in compliance with Rule 4. *See* Fed. R. Civ. P. 4(e) (with respect to serving individuals); Fed. R. Civ. P. 4(h) (with respect to serving corporate entities); Fed. R. Civ. P. 4(i) (with respect to serving government officials and agencies). **No later than May 8, 2025**, Plaintiff must serve each defendant and file either proof of valid service or an executed waiver of service pursuant to Fed. R. Civ. P. 4(d). While it is Plaintiff's responsibility to have the summons and complaint served on the defendants, the Court notes for Plaintiff's benefit that *he* cannot be the one to serve the documents. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)).

As no defendant has been served, Plaintiff's request for leave to file a Second Amended Complaint is premature and need not be considered at this time. *See* Fed. R. Civ. P. 15(a)(1).

Plaintiff's Rule 60 Motion (Dkt. No. 8) is therefore **GRANTED IN PART**, in that Plaintiff's deadline to serve defendants and file proof of valid service (or file waivers of service) is extended to **May 8, 2025**. The Motion is **DENIED** in all other

respects.  Failure to comply with this order will result in a recommendation that the action be dismissed, in whole or with respect to any defendant not served, pursuant to Fed. R. Civ. P. 4(m) or based on Plaintiff's failure to prosecute the case or follow orders of the court.

      **SO ORDERED** on April 23, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE